# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Rosa M. Cáez Fermaint and Felix F. Rodriguez Mercado and the Conjugal Partnership.<br><br>Plaintiffs<br><br>v.<br><br>State Insurance Fund Corporation, X, Y and Z<br><br>Defendant | CIVIL NO.: 15-3050<br><br>Re: Employment Discrimination<br>Trial By Jury Demanded |

## COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

Come now plaintiff, Rosa M. Cáez Fermaint and Felix F. Rodriguez Mercado and the Conjugal Partnership, represented by their undersigned counsel and very respectfully allege and pray as follows:

1. This Court has federal question jurisdiction based upon the Americans with Disabilities Act, "("ADA"), 42 U.S.C. 42 U.S.C. Sections 12101 et seq., as amended by the "Americans with Disabilities Amendments Act", ("ADAA"), and under 28 U.S.C. 1331, 1343, 2201 and 2202.

2. Plaintiffs hereby invoke this Court's supplementary jurisdiction to entertain local law claims arising under the same set of operative facts. The local law claims in this action are based upon Puerto Rico Law No. 44 of July 2, 1989, as amended, and Puerto Rico Law No. 53 of August 30, 1993, 1 Laws of P.R. Anno. 501 et seq, ("Puerto Rico Disabilities Law"); Puerto Rico Anti-

Reprisal Act, 29 Laws of P.R.Anno. 194 et seq., ("Puerto Rico Anti-Reprisal Act"), and Articles 1802 and 1803 of the Puerto Rico Civil Code.

3. The applicable administrative remedies have been exhausted. The Equal Employment Opportunity Commission issued the corresponding Right-To-Sue Letter. This action is filed within 90 days period from receipt of said notice of right to sue.

4. The proper venue is in this Court.

5. Plaintiff, Rosa M. Caez Fermaint, ("Caez"), (U.S. citizen), is of legal age, and resident of Puerto Rico and has been a full time employee of the State Insurance Fund Corporation (hereinafter "SIFC") for more than twenty seven (27) years. She holds a position as a Graduate Nurse IV, in the Emergency Room of SIFC offices located in Arecibo, Puerto Rico since January 26, 1988. Caez is married to plaintiff, Félix F. Rodríguez Mercado, ("Rodríguez"). Rodríguez claims in this action his own damages by virtue of a claim under local law derivative of Caez' statutory federal and local law claims.

6. Defendant SIFC is a public corporate entity created by Law of the Commonwealth of Puerto Rico, totally autonomous from the central Government and has legal capacity to sue and be sued in a court of law. It generates its own funds and its not dependent upon the Government of Puerto Rico to fund its operations.

7. SIFC is dedicated to insuring workers and providing workers' compensation insurance policies within the Commonwealth of Puerto Rico.

8. At all times relevant to this case, SIFC has been an employer within the meaning of ADA and all local laws invoked in this action. It has employed more than twenty-five (25) persons during the relevant time.

9. Insurance Companies X, Y and Z are insurance companies that have issued policies that cover the occurrences relevant to this case; Its identity and true name unknown at this time.

10. Plaintiff, Caez, is and individual covered by the ADA, and the local legislation invoked in this action. Caez has a medical condition or disability that substantially limits her in one or more of her daily living activities; she had been regarded by her employer as being so limited; and there is a record of said condition and as such protected by the disabilities laws.

11. Caez started to work with SIFC on January 26, 1988

12. Since 2005 she was diagnosed with Panic Disorder and Generalized Anxiety Disorder. Later, she was diagnosed with Claustrophobia. She was treated with prescription drugs and therapy. The side effects of her treatment causes her additional limitations to her daily activities, included, drowsiness; loss of appetite; headaches; weight loss; nervousness. Medication for her condition is extremely addictive.

13. Due to her conditions and related treatments Caez requested and was granted in 2008 a reasonable accommodation consisting in that she was not to work in enclosed spaces. The Nurses' Station in the External Clinic, ("EC"), of the SIFC were enclosed spaces. She was to work in the Emergency Room ("ER") and was not going to alternate between the External Clinic.

14.     On December 2013, Caez was informed that her accommodation was eliminated and that she had to start alternating between the ER and the EC. She pleaded to her supervisors not to eliminate the accommodation, but to no avail. In February 5, 2014 she asked for a reconsideration and the SIFC referred her to a Medical Evaluation by a Forensic Psychiatrist, she was evaluated in May 20, 2014.

15.     On September 29, 2014 the SIFC notified Caez that after evaluating her request for accommodation Caez, the same was denied.

16.     On July 4th, 2014, Dr. Raul M. Lopez, Forensic Psychiatrist engaged by SIFC to evaluate Caez, issued his report. He diagnosed Caez with Panic Disorder with Claustrophobia. In his opinion she was not to work in enclosed spaces and recommended so as a reasonable accommodation.

17.     Caez was posted on at the External Clinic where the Nurses' Station were small enclosed spaces. Caez suffered a panic attack in that area for which she had to take a medical leave.

18.     Caez asked again for reasonable accommodation and she was ordered to do her work from the offices of the physicians' or the Nurses' Supervisor. They are both enclosed spaces.  The physicians' offices were somehow bigger that the Nurse' stations, but still closed spaces. SIFC did not give her the necessary equipment to do her work. There was no sphygmomanometer (the instrument to for measuring blood pressure in an artery), nor thermometers provided, among many others instruments and equipment.

19. Since Caez was not provided with the necessary instruments to do her job, even though she constantly requested them, she could not do her work and could not fill the patient's vitals in their clinical records. Then SIFC retaliated against her by admonishing her and was summarily suspended her from work (with pay) for four (4) months without following SIFC's rules. The SIFC then suspended her for another four (4) months without pay, (from February 2014 to October 2014).

20. When she returned to the workplace she requested accommodation again because she was suffering from panic attacks almost daily due to the closed space she was assigned.

21. She was sent again to the Forensic Psychiatrist. Dr. Lopez. Dr. Lopez' Opinions, were the same, and his recommendation remained that she was not to work in reduced spaces. Dr. Lopez' report was issued on February 2015.

22. To this date the SIFC its yet to answer Caez' reasonable accommodation request.

23. On May 22, 2015 the SIFC issued a letter addressed to Caez with the intention to terminate her from her job. The SIFC has applied their rules and regulations in a manner different and discriminatorily against Caez.

24. Caez filed charges of discrimination before the Equal Employment Opportunity Commission ("EEOC") and the Puerto Rico Antidiscrimination Unit ("ADU"). Due to said filing the SIFC took adverse employment action,

including, the notification of a letter to Caez with the intention to terminate her from work.

25. SIFC intends to terminate Caez due to her conditions or disabilities and in retaliation for having availed herself to the protection of the federal civil local legislation invoked in this case; for having filed charges of discrimination with the local and federal agencies; and for opposing the SIFC illegal action.

26. Caez is substantially limited in several of her major life activities when compared to the average person.  Caez' claustrophobia causes her to panic and loses her ability to think, to concentrate; and to perform manual tasks, among others.  Panic attacks causes her to lose her ability to think rationally and obviously impedes her from performing her tasks as a Nurse. Caez is often unable to perform even the simplest manual tasks and becomes consumed with the notion of getting out of the claustrophobic environment as quickly as possible.  The following circumstances aggravate her condition: confined spaces; crowds; elevators; and others.  Her condition is ongoing and permanent.  As previously stated, her prescribed medication causes her additional limiting effects.

26. Her limitations include the manner and duration to perform the mentioned activities. These limitations are substantial when compared to the average person.

27. The plaintiff attempts to do all of her major life activities but needs to cease because of her condition.

28. Defendant conduct has caused Caez past and present damages of economic nature and mental pain and suffering and bodily injury.

29. Defendants action were willful and in disregard to Caez's protective rights under federal and local law.

30. Trial by jury is demand. The following remedies are requested:

A. To enter declaratory judgment stating that the acts complained herein are in violation of the federal and local legislation invoked here.

B. To declare that defendant retaliated against Caez. To declare that defendant failed to accommodate Caez. To declare that Caez was denied equal treatment due to her conditions for having availed to her statutory protected benefits and for filing charges of discrimination with local and federal agencies.

C. That Caez be compensated for all her economic (back and front pay and loss of benefits) and mental suffering and anguishes, bodily injuries and other damages mentioned in this Complaint, in a sum not less than $1,000,000.00. Front pay is claim only if it is determined the reinstatement is not practicable. Reinstatement is the desired remedy here in case that Defendant continues with its intention to terminate Caez.  That Rodríguez be awarded compensatory damages due to his sufferings.

D. That compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

E. That damage be doubled as mandated by local law.

F. That attorney's and expert's fees be awarded.

G. That pre-judgment and post judgment interests be imposed.

H. That cost and all litigation expenses be taxed.

I. That back and front pay be awarded.

J. That all benefits lost be compensated. Caez requests damages resulting from loss of medical plan benefits; insurance package and life insurance.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 9th day of December of 2015.

S/ Enrique J. Mendoza Mendez
Enrique J. Mendoza Mendez
USDC-PR 202804
***MENDOZA LAW OFFICES***
P.O. Box 9282
San Juan, P.R. 00908-0282
Tels. (787) 722-5522; 5530;5540
Fax. (787) 723-7057
mendozalo@yahoo.com
